IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DONNELL LATHAM and JENNIFER )
LOFLIN, individually and on )
behalf of all other similarly situated )
individuals, )
                        Plaintiffs, )
                                       )
v. )       1:12-cv-00007
                                       )
BRANCH BANKING AND TRUST COMPANY, )
                        Defendant. )

**FINAL ORDER APPROVING SETTLEMENTS
AND DISMISSING ACTION IN ITS ENTIRETY**

On July 25, 2013, the court granted preliminary approval of the two settlements in this case: the claim by mortgage underwriters that they were misclassified under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; and the claim by employees contending that Defendant's vacation purchase policy violated the salary basis test of the FLSA. (Doc. 131.) This matter is now before the court on the Joint Motion for Final Approval of Settlements and Dismissal of the Action ("Joint Motion") (Doc. 133) and Supplemental Memorandum in Support of Joint Motion to Approve Settlements and Dismiss the Action filed by the parties (Doc. 135).

The court has reviewed the parties' Joint Motion and has considered the entire record in this action, including the settlement agreements and associated individual releases, and the court finds as follows:

1. This Order incorporates by reference the definitions set forth in the Joint Motion and the settlement agreements submitted in connection with it (Docs. 129, 130), and all terms used herein shall have the same meaning as set forth in the Joint Motion and in the settlement agreements.

   a. "Released Claims" means any and all claims against any of the Released Parties related to the subject matter of the above-captioned action, including without limitation all claims that were or could have been asserted in the action arising from or relating to the factual allegations of the operative complaint, all claims for unpaid wages for overtime pay, and all claims for any alleged violation of federal, state, or local wage and hour or wage payment statute, regulation, or ordinance, including all claims for attorneys' fees or costs, based on events that occurred or are alleged to have occurred at any time through the date the Plaintiff signed the "Consent Form and Release" or the "Individual Release Agreement," as applicable, or through the date of this Order, whichever is earlier.

   b. "Released Parties" shall mean and refer to Defendant, and each of its present and former officers, directors, employees, agents, attorneys, predecessors, successors, assigns, shareholders, parents, subsidiaries, affiliated entities, spouses, children, representatives, transferors, transferees, partners, principals, trustees, executors, members, insurers, investors, servants, beneficiaries, devisees, guardians, heirs, and all other

persons, firms, corporations, divisions, associations, limited liability companies, and/or partnerships associated therewith or related thereto.

2. The court finds that all terms and conditions of the settlement and releases as described and set forth in the Joint Motion and settlement agreements are fair, reasonable, and adequate, that they represent a reasonable compromise of disputed claims and issues arising from a *bona fide* dispute, and that they are the result of good faith, arms-length negotiations by the parties. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982); Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007) (abrogated on other grounds as recognized by Whiting v. The Johns Hopkins Hosp., 416 F. App'x 312, 316 (4th Cir. 2011)). Although the Fourth Circuit has not directly addressed the relevant factors the court should consider when determining whether a FLSA collective action settlement is fair and reasonable, district courts within the circuit have generally considered the fairness factors a court would consider under Federal Rule of Civil Procedure 23(e). See Hoffman v. First Student, Inc., Civ. No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010). In considering the relevant factors, the court finds that (1) the parties have engaged in discovery (including the production of approximately 4,000 pages of documents, the depositions of Defendant's corporate representative and two other witnesses, and the exchange of written discovery); (2) the stage of the proceedings and the complexity, expense, and likely duration of continued

litigation favor settlement; (3) there is an absence of any collusion or fraud in the settlement; (4) Plaintiffs' counsel is experienced in such cases, having litigated ten FLSA cases on behalf of mortgage underwriters against various financial institutions; and (5) collective counsel urges the court to approve the settlements as fair and reasonable. The court has also considered the probability of Plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. The proposed settlement appears to be the product of arms-length bargaining between experienced collective counsel and experienced Defendant's counsel, who have independently evaluated the likelihood of prevailing on their claims and defenses. Accordingly, the court grants final approval to the settlements.

3. The court finds that attorneys' fees of twenty-five percent of the total settlement amount, to be paid out of the settlement amount, are reasonable in this case. The Fourth Circuit considers twelve factors in judging the reasonableness of an award of attorneys' fees in FLSA cases:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between

4

> attorney and client; and (12) attorneys' fees awards
> in similar cases.

Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978); see also Jackson v. Estelle's Place, LLC, 391 F. App'x 239, 243 (4th Cir. 2010). Considering all of these factors, an award of $450,000 out of the total settlement amount of $1,800,000 is reasonable. Plaintiffs' counsel represents that the total lodestar fee amount is $246,485. (Doc. 137–1 ¶ 6.) However, the difficulty of the legal issues involved, the skill and experience of Plaintiffs' counsel in FLSA cases, and Plaintiffs' initial contingency agreement to pay their counsel one-third of any recovery, consistent with attorneys' fee awards approved in similar cases, make an enhancement of the lodestar amount appropriate in this case. Cf. Johnson v. Big Lots Stores, Inc., 639 F. Supp. 2d 696, 705 (E.D. La. 2009) (lodestar award is presumptively reasonable and should be modified only in exceptional cases, but the court may enhance the award based upon application of the factors considered for an attorney fee award); Kay Co. v. Equitable Production Co., 749 F. Supp. 2d 455, 470 (S.D. W. Va. 2010) (noting that, in a class action under Rule 23, "lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee"). Moreover, Defendant has not objected to the fee award, and the total amount requested is less than that Plaintiffs' counsel would have

received pursuant to their contingency agreement. Plaintiffs' counsel agreed to represent Plaintiffs at significant financial risk and have invested substantial time and energy to obtain this settlement. "Fee awards in wage and hour cases are meant to 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" Aros v. United Rentals, Inc., Civ. A. No. 3:10-CV-73, 2012 WL 3060470, at *4 (D. Conn. July 26, 2012) (quoting Sand v. Greenberg, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)). Limiting Plaintiffs' counsel to their lodestar recovery, equivalent to less than one-sixth of the settlement amount, would not further this policy. Thus, the court finds a fee award of $450,000, as well as costs of $25,000, to be reasonable in this case.

IT IS THEREFORE ORDERED that all of the participating members of the Mortgage Underwriter Collective, who are identified in Exhibit A of the parties' Joint Motion (Doc. 133-2), have irrevocably and fully and unconditionally waived and released all Released Claims against the Released Parties.

IT IS FURTHER ORDERED that Ginger Steele, Leigh McInvaille and all of the Eligible Opt-In Plaintiffs, with the sole exception of Teresa Beltramo, who are identified in Exhibit B of the parties' Joint Motion (Doc. 133—3), have irrevocably and

fully and unconditionally waived and released all Released Claims against the Released Parties.

IT IS FURTHER ORDERED that Plaintiff Frankie Harris, who submitted a late Individual Release Form, shall be permitted to participate in the settlement allocation even though his form was late, but that no other late forms shall be accepted.

IT IS FURTHER ORDERED that the above-captioned case is DISMISSED WITH PREJUDICE as to the claims of the participating members of the Mortgage Underwriter Collective, Ginger Steele, Leigh McInvaille and the Eligible Opt-In Plaintiffs, other than Teresa Beltramo, who are identified in Docs. 133-2 and 133-3.

IT IS FURTHER ORDERED that the above-captioned action is DISMISSED WITHOUT PREJUDICE as to the claims of Teresa Beltramo and the Ineligible Opt-In Plaintiffs, who are identified in Exhibit C of the parties' Joint Motion (Doc. 133-4).

IT IS FURTHER ORDERED that Plaintiffs' counsel's request for attorneys' fees in the total amount of $450,000 to be paid out of the settlement amount is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' counsel's request for costs in the total amount of $25,000 to be paid out of the settlement amount is GRANTED.

IT IS FURTHER ORDERED that the court will retain jurisdiction for the sole purpose of interpreting and enforcing the settlements.

/s/   Thomas D. Schroeder
United States District Judge

January 14, 2014